William O. CANNON, Respondent,

v.

Thomas E. MONROE, Appellant.

No. SC 88812.

Supreme Court of Missouri,
En Banc.

Dec. 16, 2008.

Francis E. Pennington, III, Laurie A. Shea, Pennington Shea, LC, St. Louis, MO, for Appellant.

Gary Growe, The Growe Law Firm, St. Louis, Michael A. Kaplan, Clayton, MO, for Respondent.

PER CURIAM.

William O. Cannon and Thomas E. Monroe each owned one-half interest in three related companies. Differences arose, and Cannon brought this action under section 351.467[1] to dissolve the companies and distribute the assets. Monroe argued that section 351.467 impaired an agreement he had with Cannon and was, therefore, invalid. The trial court applied section 351.467, and Monroe appeals to this Court.

1. All statutory references are to RSMo 2000.

Monroe asserts jurisdiction in this Court because the validity of a statute is involved as it relates to his agreement with Cannon. That agreement addressed two different situations: (1) if a shareholder sought to transfer or encumber his shares of stock in the corporation or (2) if a shareholder desired to sell, encumber or otherwise dispose of the stock of the corporation without consent of the other shareholders. In this case, however, Cannon did not seek to exercise either of these options. Rather, as noted, Cannon brought this action under section 351.467 to dissolve the companies and distribute the assets.

As the agreement is not applicable to this action, the validity of section 351.467 is not implicated. The case is ordered transferred to the court of appeals. *Mo. Const. art. V, sec. 11.*

LAURA DENVIR STITH, C.J., PRICE, TEITELMAN, RUSSELL, WOLFF and BRECKENRIDGE, JJ., and DILDINE, Sp.J., concur.

FISCHER, J., not participating.